UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION


MICHAEL HOWARD MILLER,

            Petitioner,

vs.                                    Case No. 3:10-cv-312-J-37MCR

SECRETARY, DOC, et al.,

            Respondents.
_____

**ORDER**

**I. Status**

The Petition for Writ of Habeas Corpus (Doc. #1) (Petition) challenges a 2002 state court (Putnam County) conviction for sexual battery on a person less than twelve years of age. Twenty-one grounds for habeas relief are raised: (1) trial court error in overruling Petitioner's objections to the prosecutor's hypothetical questions to the prospective jurors; (2) ineffective assistance of trial counsel for failure to renew his earlier objection to the prosecutor's hypothetical questions to the prospective jurors; (3) prosecutorial misconduct based on the prosecutor's allegedly improper hypothetical questions during *voir dire*; (4) trial court error in admitting evidence of "flight," where there was an insufficient nexus between the offense and Petitioner's departure; (5) ineffective assistance of trial counsel for failure to object

to prosecutorial misconduct during closing argument; (6) ineffective assistance of trial counsel for failure to call and investigate two potential witnesses, Cora Lockwood and Mary Robinson, and for making an inappropriate comment to the jury during *voir dire* that counsel was not going to try to prove Petitioner innocent; (7) ineffective assistance of trial counsel for failure to timely convey the terms and conditions of the state's plea offer; (8) a denial of due process of law due to the prosecutor's failure to list Richard Myer as a possible witness in the discovery response and due to the state's failure to disclose a police report concerning the grandfather of the victim and a Department of Children and Families' (DCF) report; (9) prosecutorial misconduct during *voir dire*; (10) prosecutorial misconduct during *voir dire* and trial; (11) ineffective assistance of trial counsel for presenting a motion for new trial on the weight of the evidence instead of a motion for judgment of acquittal; (12) cumulative error of trial counsel and the prosecutor resulted in an unreliable verdict; (13) newly discovered evidence (witness Richard Myer; a police report concerning Harold Richmond, the victim's grandfather; and a DCF report); (14) ineffective assistance of trial counsel for failure to file a bill of particulars to narrow the time frame of the offense; (15) actual innocence; (16) a denial of due process due to the trial court's failure to provide him with sufficient time to consider the state's

plea offer; (17) denial of a fair trial; (18) unlawful extradition, resulting in fundamental error; (19) ineffective assistance of appellate counsel for failure to raise the issue that the trial court erred in denying his motion for new trial; (20) ineffective assistance of trial counsel for failure to object to the testimony of Richard Myer in view of the state's discovery violation; and (21) ineffective assistance of trial counsel during sentencing, asserting counsel should have presented a mitigating psychiatric evaluation showing some degree of mental retardation in order to obtain a sentence less than life for Petitioner.

Respondents filed a Response to Petition (Doc. #8) (hereinafter Response) on July 28, 2010, and an Appendix (Doc. #9) on August 12, 2010.[1] Petitioner's Reply to Respondents' Response (Doc. #15) was filed on December 6, 2010. See Order (Doc. #7). Petitioner also filed Appendices (Docs. #16, #17, #18 & #19).[2]

## II. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this

---

[1] The Court hereinafter refers to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page of the Appendix or the handwritten numbers at the bottom of each page of the Appendix. Otherwise, the page number on the particular document will be referenced.

[2] The Court will hereinafter refer to Petitioner's Appendices as "App."

Court.[3]  See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001).  Indeed, this Court can "adequately assess [Petitioner's] claims without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

### III.  Standard of Review

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (hereinafter AEDPA).  Under AEDPA, this Court's review "is 'greatly circumscribed and highly deferential to the state courts.' Crawford v. Head, 311 F.3d 1288, 1295 (11th Cir. 2002)." Stewart v. Sec'y, Dep't of Corr., 476 F.3d 1193, 1208 (11th Cir. 2007).  "By its terms [28 U.S.C. ] § 2254(d) bars relitigation of any claim 'adjudicated on the merits' in state court, subject only to th[re]e exceptions." Harrington v. Richter, 131 S.Ct. 770, 784 (2011).

> Federal habeas relief may not be granted
> for claims subject to § 2254(d) unless it is
> shown that the earlier state court's
> decision[4] "was contrary to" federal law then

---

[3] An evidentiary hearing was conducted in the state court concerning Petitioner's claim of ineffective assistance of trial counsel for making undermining comments and for failing to investigate two potential witnesses, Cora Lockwood and Mary Robinson (ground six of the Petition).  Ex. 23 at 83; Ex. 24.

[4] In Harrington, 131 S.Ct. at 785, the Court "h[eld] and reconfirm[ed] that § 2254(d) does not require a state court to give

> clearly established in the holdings of [the United States Supreme] Court, § 2254(d)(1); <u>Williams v. Taylor</u>, 529 U.S. 362, 412, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000); or that it "involved an unreasonable application of" such law, § 2254(d)(1); or that it "was based on an unreasonable determination of the facts" in light of the record before the state court, § 2254(d)(2).

<u>Id</u>. at 785.

"AEDPA also requires federal habeas courts to presume the correctness of state courts' factual findings unless applicants rebut this presumption with 'clear and convincing evidence.' § 2254(e)(1)." <u>Schriro v. Landrigan</u>, 550 U.S. 465, 473-74 (2007). "This presumption of correctness applies equally to factual determinations made by state trial and appellate courts." <u>Bui v. Haley</u>, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing <u>Sumner v. Mata</u>, 449 U.S. 539, 547 (1981)). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts,[5] they must be evaluated under § 2254(d).

## IV. Timeliness

Respondents calculate the Petition is timely. Response at 11. The Court will accept this calculation.

---

reasons before its decision can be deemed to have been 'adjudicated on the merits.'"

[5] The Court's evaluation is limited to examining whether the highest state court's resolution of the claim is contrary to, or an unreasonable application of, clearly established law, as set forth by the United States Supreme Court. <u>See</u> <u>Newland v. Hall</u>, 527 F.3d 1162, 1199 (11th Cir. 2008), <u>cert</u>. <u>denied</u>, 555 U.S. 1183 (2009).

# V. Exhaustion and Procedural Default

There are prerequisites to a federal habeas review. Very recently, the Supreme Court of the United States discussed the doctrine of procedural default:

> Federal habeas courts reviewing the constitutionality of a state prisoner's conviction and sentence are guided by rules designed to ensure that state-court judgments are accorded the finality and respect necessary to preserve the integrity of legal proceedings within our system of federalism. These rules include the doctrine of procedural default, under which a federal court will not review the merits of claims, including constitutional claims, that a state court declined to hear because the prisoner failed to abide by a state procedural rule. See, e.g., Coleman, supra, at 747–748, 111 S.Ct. 2546; Sykes, supra, at 84–85, 97 S.Ct. 2497. A state court's invocation of a procedural rule to deny a prisoner's claims precludes federal review of the claims if, among other requisites, the state procedural rule is a nonfederal ground adequate to support the judgment and the rule is firmly established and consistently followed. See, e.g., Walker v. Martin, 562 U.S. ––––, ––––, 131 S.Ct. 1120, 1127–1128, 179 L.Ed.2d 62 (2011); Beard v. Kindler, 558 U.S. ––––, ––––, 130 S.Ct. 612, 617–618, 175 L.Ed.2d 417 (2009). The doctrine barring procedurally defaulted claims from being heard is not without exceptions. A prisoner may obtain federal review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law. See Coleman, 501 U.S., at 750, 111 S.Ct. 2546.

Martinez v. Ryan, No. 10-1001, 2012 WL 912950, at *6 (U.S. Mar. 20, 2012).

In addition, the Supreme Court, in addressing the question of exhaustion, explained:

- 6 -

> Before seeking a federal writ of habeas
> corpus, a state prisoner must exhaust
> available state remedies, 28 U.S.C. §
> 2254(b)(1), thereby giving the State the
> "'opportunity to pass upon and correct'
> alleged violations of its prisoners' federal
> rights." Duncan v. Henry, 513 U.S. 364, 365,
> 115 S.Ct. 887, 130 L.Ed.2d 865 (1995) (per
> curiam) (quoting Picard v. Connor, 404 U.S.
> 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438 (1971)
> (citation omitted)). To provide the State
> with the necessary "opportunity," **the prisoner
> must "fairly present" his claim in each
> appropriate state court** (including a state
> supreme court with powers of discretionary
> review), thereby alerting that court to the
> federal nature of the claim. Duncan, supra,
> at 365-366, 115 S.Ct. 887; O'Sullivan v.
> Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728,
> 144 L.Ed.2d 1 (1999).

Baldwin v. Reese, 541 U.S. 27, 29 (2004) (emphasis added). In

Baldwin, the Supreme Court recognized a variety of ways a federal

constitutional issue could be fairly presented to the state court:

by citing the federal source of law, by citing a case deciding the

claim on federal grounds, or by labeling the claim "federal." Id.

at 32.

Again, procedural defaults may be excused under certain

circumstances: "[n]otwithstanding that a claim has been

procedurally defaulted, a federal court may still consider the

claim if a state habeas petitioner can show either (1) cause for

and actual prejudice from the default; or (2) a fundamental

miscarriage of justice." Id. at 890 (citations omitted). In order

for Petitioner to establish cause,

> the procedural default "must result from some
> objective factor external to the defense that

> prevented [him] from raising the claim and
> which cannot be fairly attributable to his own
> conduct." <u>McCoy v. Newsome</u>, 953 F.2d 1252,
> 1258 (11th Cir. 1992) (quoting <u>Carrier</u>, 477
> U.S. at 488, 106 S.Ct. 2639). Under the
> prejudice prong, [a petitioner] must show that
> "the errors at trial actually and
> substantially disadvantaged his defense so
> that he was denied fundamental fairness." <u>Id</u>.
> at 1261 (quoting <u>Carrier</u>, 477 U.S. at 494, 106
> S.Ct. 2639).

<u>Wright v. Hopper</u>, 169 F.3d 695, 706 (11th Cir.), <u>cert</u>. <u>denied</u>, 528 U.S. 934 (1999). However, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." <u>Martinez v. Ryan</u>, 2012 WL 912950, at *5.

"[A] federal court may also grant a habeas petition on a procedurally defaulted claim, without a showing of cause or prejudice, to correct a fundamental miscarriage of justice." <u>Fortenberry v. Haley</u>, 297 F.3d 1213, 1222 (11th Cir. 2002) (per curiam) (citation omitted), <u>cert</u>. <u>denied</u>, 538 U.S. 947 (2003). The fundamental miscarriage of justice exception is only available in extraordinary cases upon a showing of "'actual' innocence" rather than mere "'legal' innocence." <u>Johnson v. Alabama</u>, 256 F.3d 1156, 1171 (11th Cir. 2001) (citations omitted), <u>cert</u>. <u>denied</u>, 535 U.S. 926 (2002).

## VI. Ineffective Assistance of Counsel

Petitioner claims he received the ineffective assistance of trial counsel. Recently, the Eleventh Circuit set forth the two-pronged test for establishing ineffective assistance of counsel:

To succeed on these Sixth Amendment claims,
[Petitioner] must show both deficient
performance and prejudice: he must establish
first that "counsel's representation fell
below an objective standard of
reasonableness," *and* then that "there is a
reasonable probability that, but for counsel's
unprofessional errors, the result of the
proceeding would have been different."
<u>Strickland v. Washington</u>, 466 U.S. 668, 688,
694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984);
<u>accord</u> <u>Wiggins v. Smith</u>, 539 U.S. 510, 521–22,
123 S.Ct. 2527, 156 L.Ed.2d 471 (2003); <u>Darden
v. Wainwright</u>, 477 U.S. 168, 184, 106 S.Ct.
2464, 91 L.Ed.2d 144 (1986). "The question of
whether an attorney's actions were actually
the product of a tactical or strategic
decision is an issue of fact, and a state
court's decision concerning that issue is
presumptively correct." <u>Provenzano v.
Singletary</u>, 148 F.3d 1327, 1330 (11th Cir.
1998). However, "the question of whether the
strategic or tactical decision is reasonable
enough to fall within the wide range of
professional competence is an issue of law not
one of fact." <u>Id</u>.

Under AEDPA, we accord deference to a
state court's determinations on both
<u>Strickland</u> prongs—performance and prejudice—so
long as the state court reached the merits of
the petitioner's claim, and reached both
prongs of the <u>Strickland</u> analysis. Moreover,
we are instructed to afford state court habeas
decisions a strong presumption of deference,
even when the state court adjudicates a
petitioner's claim summarily—without an
accompanying statement of reasons. <u>Harrington
v. Richter</u>, --- U.S. ----, 131 S.Ct. 770, 780,
784, 178 L.Ed.2d 624 (2011); <u>Wright v. Sec'y
for Dep't of Corr.</u>, 278 F.3d 1245, 1255 (11th
Cir. 2002); <u>see</u> <u>also</u> <u>Renico v. Lett</u>, ---U.S.
----, 130 S.Ct. 1855, 1862, 176 L.Ed.2d 678
(2010) ("AEDPA ... imposes a highly
deferential standard for evaluating
state-court rulings ... and demands that
state-court decisions be given the benefit of
the doubt." (citations and internal quotation
marks omitted)).

- 9 -

Ferrell v. Hall, 640 F.3d 1199, 1223-24 (11th Cir. 2011). See Rutherford v. Crosby, 385 F.3d 1300, 1309 (11th Cir. 2004) ("In addition to the deference to counsel's performance mandated by Strickland, the AEDPA adds another layer of deference––this one to a state court's decision––when we are considering whether to grant federal habeas relief from a state court's decision."), cert. denied, 544 U.S. 982 (2005).

In establishing a claim of ineffective assistance of appellate counsel, there must be a showing that appellate counsel's performance was so deficient that it fell below an objective standard of reasonableness, but also, there must be a demonstration "that but for the deficient performance, the outcome of the appeal would have been different." Ferrell v. Hall, 640 F.3d at 1236 (quoting Black v. United States, 373 F.3d 1140, 1142 (11th Cir. 2004)).

## VII.  Findings of Fact and Conclusions of Law

### A.  Ground One

In his first ground, Petitioner claims the trial court erred in overruling objections to the prosecutor's hypothetical questions to the prospective jurors during *voir dire*.  This issue was raised on direct appeal.  Ex. 11.  On January 2, 2004, the Fifth District Court of Appeal affirmed per curiam.  Ex. 13.  The mandate issued on January 22, 2004.  Ex. 15.  A petition for discretionary review was filed concerning the certified question, Ex. 14; however, the

Supreme Court of Florida declined to accept jurisdiction and the petition for discretionary review was denied.  Ex. 19.

To the extent Petitioner raised and exhausted a claim of constitutional dimension, the decision of the Fifth District Court of Appeal is entitled to AEDPA deference.  The adjudication of the state appellate court resulted in a decision that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  See Response at 22–24.  Therefore, Petitioner is not entitled to relief on ground one because the state court's decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

### B.  Ground Two

In ground two of the Petition, Petitioner asserts his trial counsel was ineffective due to counsel's failure to renew his earlier objection to the prosecutor's hypothetical questions to the prospective jurors.  This claim was presented in the Rule 3.850 motion as ground one.  Ex. 20 at 6-10.

In its Order Denying Motion for Postconviction Relief on Grounds 1, 2, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, and 14 and Setting an Evidentiary Hearing on Ground 3 and Ad[d]ressing Defendant's Reply to the State's Response, the trial court, in pertinent part, said:

On Ground One, the Defendant asserts that Counsel's failure to renew his objection to the Prosecutor's alleged misconduct in voir dire to preserve an appellate review plea was an act of ineffective assistance of counsel. However, the Court agrees with the State that there was no prosecutorial misconduct that appeared to require an objection by Trial Counsel. The State has a right to determine the bias of potential jurors which appears to be what the State was doing. (See **Appendix A**, Jury Selection, pages 39-42). Additionally, it is true that the Defendant raised the same issue on direct appeal relating to whether the Prosecutors [sic] questions on voir dire were improper and the Court agrees that if fundamental error truly occurred the appellate Court could have addressed the issue regardless whether the issue was preserved for appeal.

Ex. 23 at 81.

Petitioner appealed to the Fifth District Court of Appeal. Ex. 27. The appellate court affirmed per curiam on August 18, 2009. Ex. 31. The mandate issued on October 26, 2009. Ex. 34. Petitioner sought discretionary review, Ex. 35, and the Supreme Court of Florida found it was without jurisdiction, and the petition was dismissed. Ex. 36.

There was no unreasonable application of clearly established law in the state court's decision to reject the <u>Strickland</u> ineffectiveness claim. Indeed, the decisions of the state trial and appellate courts are entitled to deference under AEDPA.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.

Therefore, Petitioner is not entitled to relief on ground two of the Petition, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 24.

## C. Ground Three

In his third ground, Petitioner claims prosecutorial misconduct based on the prosecutor's allegedly improper hypothetical questions during *voir dire*. This is basically the same ground that was raised in ground one of the Petition. For the reasons stated under **A. Ground One**, Petitioner is not entitled to habeas relief.

Additionally, Petitioner raised this issue in ground six of his Rule 3.850 motion. Ex. 20 at 44-46. The trial court rejected the claim finding:

> On Ground Six, the Defendant asserts that the prosecutor's alleged misconduct in voir dire violated his constitutional right to a fair trial. The Defendant claims that the Prosecutor impermissibly biased the jury by asking them to commit to convict the Defendant. However as addressed in Grounds One and Two, the Court agrees with the State that the Prosecutor's questions in voir dire were proper. (See **Appendix A**, Jury Selection, pages 39-42).

Ex. 23 at 85. The Fifth District Court of Appeal affirmed the trial court's decision. Ex. 31.

Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the prosecutorial misconduct claim. Indeed, the decisions of the state trial and appellate courts are entitled to deference under AEDPA. The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground three of the Petition, the claim of prosecutorial misconduct, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 24-25.

### D. Ground Four

In his fourth ground, Petitioner claims the trial court erred in admitting evidence of "flight," where there was an insufficient nexus between the offense and Petitioner's departure from the state. This issue was raised on direct appeal. Ex. 11. The Fifth District Court of Appeal affirmed per curiam. Ex. 13.

Deference under AEDPA will be given to this state court decision; the decision was not contrary to clearly established federal law, did not involve an unreasonable application of clearly

- 14 -

established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 25-28.

### E. Ground Five

In his fifth ground, Petitioner asserts that he received the ineffective assistance of trial counsel for failure to object to prosecutorial misconduct during closing argument. This ground was presented in ground two of the Rule 3.850 motion. Ex. 20 at 11-22. The trial court denied the claim, finding:

> On Ground Two[,] the Defendant claims that his Trial Counsel was ineffective in failing to object to Prosecutor[']s alleged misconduct in closing arguments. However, as was addressed in Ground I, the Defendant's apparent claim that the Prosecutor reminded the jury of a pre-commitment to convict him in voir dire, the Court agrees with the State that the Prosecutor's remarks were lawful and proper. The Court also agrees that there was no misconduct on the part of the State in explaining alleged inconsistencies of the victim's statement about whether the penetration was painful, were just used in the context to argue that the inconsistencies were not substantial enough to establish reasonable doubt. (See **Appendix B**, Trial Transcript, pages 171-172). The Court agrees with the State that the Prosecutor's response about the medical exam was under the circumstances, appropriate argument in response to the Defense argument that the child victim should not be believed because her testimony was not corroborated by a medical report. The Court agrees that the Prosecutor did not belittle the Defendant or refer to him as a criminal but rather simply stated that the information was the formal document alleging what crime was charged. (See **Appendix C**, Trial Transcript, pages 163-164). The Prosecutor's reference to wrestling, pornographic videos,

- 15 -

molestation, and touching the victim inappropriately were proper in the context of arguing that the evidence presented at trial supported the victim's and her Grand Father's credibility. (See **Appendix D**, Trial Transcript, page 169). The State correctly points out that because there was no eye witness nor any medical evidence to support the victim's claim, credibility of the child victim's report first to the Grand Father then to law enforcement became a central focus in the trial. Trial Counsel clearly attacked the victim's inconsistencies during cross examination and eventually in his closing argument. (See **Appendix E**, Trial Transcript, page 178).

The Court agrees with the State that the Prosecutor did not egregiously misrepresent the testimony of witness Meyer concerning the date that the Defendant abandoned his rental trailer considering that Meyer testified that he did not actually see when the Defendant and his girlfriend departed the premises and was uncertain as to the date when he found the trailer abandoned. (See **Appendix F**, Trial Transcript, pages 136-137, 171-172). Regardless, any slight discrepancy in the actual date would not so prejudice the Defendant as to have changed the outcome of the proceedings which is a requirement of <u>Strickland</u>.

Ex. 23 at 81-83. The appellate court per curiam affirmed. Ex. 31.

Upon review, there was no unreasonable application of clearly established law in the state court's decision to reject the <u>Strickland</u> ineffectiveness claim. Indeed, the decisions of the state trial and appellate courts are entitled to deference under AEDPA. The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.

Therefore, Petitioner is not entitled to relief on ground five of the Petition, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 28-29.

### F. Ground Six

Petitioner, in his sixth ground of the Petition, claims he received the ineffective assistance of trial counsel for counsel's failure to call and investigate two potential witnesses, Cora Lockwood and Mary Robinson, and for making an inappropriate comment to the jury during voir dire that he was not going to try to prove Petitioner innocent, and then stated: "I can't." This claim was presented in ground three of the Rule 3.850 motion. Ex. 20 at 23-28. The trial court determined that an evidentiary hearing should be conducted on this ground, and appointed counsel for Petitioner. Ex. 23 at 83, 91; Ex. 24 at 675.

An evidentiary hearing was held on April 15, 2008. Ex. 24. Petitioner testified. Id. at 681-90. Defense counsel, Larry E. Sikes, an assistant public defender, testified as well. Id. at 692-712. He attested that he is a board certified criminal trial specialist in the State of Florida, and has held that certification since August of 2000. Id. at 693.

After recognizing that the standard of review for the ineffective assistance of counsel claim was set forth in <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the trial court denied Petitioner's claim finding:

> The Defendant asserted in his Motion that his Trial Counsel was ineffective by failing to investigate two potential witnesses Cora Lockwood and Mary Robinson and [by making] allegedly undermining comments to the jury.
>
> The Defendant testified that he discussed with Trial Counsel, the potential testimony of the two witnesses. He testified that Cora Lockwood was his fiancee and Mary Robinson was his Aunt. The Defendant specifically recalled that he told his trial Counsel that he wanted Cora Lockwood to testify and how and where to contact her. Trial Counsel Sikes gave credible testimony that he met with the Defendant before the trial. He discussed discovery material and asked the defendant about witness Cora Lockwood and was told by the Defendant that she was not a good witness. Sikes testified that he asked about Cora Lockwood subsequently and was told by the Defendant that he did not want her. Sikes testified that the State Investigator was very interested in any potential interview with witness Lockwood. As for Mary Robinson, the Defendant gave Trial Counsel the name of someone who told him that Mary Robinson was in New York but there was no way to contact her. Trial Counsel testified that he instructed his investigator to telephone her, but the telephone number was disconnected. The Defendant did not specify that either witness was an alibi witness.

Ex. 26 at 85.

The court continued:

> Additionally, the Defendant refers to undermining comments allegedly made by Trial Counsel, specifically **Appendix A**, Page 56 of

the Trial Transcript, Sikes told the jury "I assume that you all understand that I'm not going to be here Wednesday trying to quote, prove Michael Miller innocent, I can't". However, Trial Counsel testified at the Evidentiary Hearing that his comments were merely rhetorical, conveying that it was not the burden of the Defense to prove that the Defendant was innocent. Thusly [sic], the Court concludes the comments were appropriate.

Ex. 26 at 85-86.

Finally, the court held:

Therefore, based on the testimony above, the Court concludes that the Defendant has failed to prove first that particular acts or omissions of his lawyer were shown to be outside the broad range of reasonably competent performance under prevailing professional standards and second, that the clear, substantial deficiency was shown to have so affected the fairness and reliability of the proceeding that confidence in the outcome of the proceeding was undermined.

Id. at 86.

With that, the trial court denied ground three of the Rule 3.850 motion, and the Fifth District Court of Appeal affirmed per curiam. Ex. 31.

Upon review, there was no unreasonable application of clearly established law in the state courts' decisions to reject the Strickland ineffectiveness claim. Indeed, the decisions rejecting the claim of ineffective assistance of trial counsel are entitled to deference under AEDPA. The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States

Supreme Court.  Therefore, Petitioner is not entitled to relief on ground six of the Petition, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 29-31.

### G.  Ground Seven

Petitioner claims his trial counsel provided ineffective assistance of counsel for failure to timely convey the terms and conditions of the state's plea offer.  This issue was raised in the Rule 3.850 motion as ground four.  Ex. 20 at 29-35.  The trial court addressed this claim and said:

> On Ground Four, the Defendant contends that Trial Counsel was ineffective by allegedly failing to timely convey the terms and conditions of the State's plea thus allegedly violating his due process time and circumstance to consider the plea.
>
> Here the Court agrees with the State that these claims are refuted by the record. First, the Defendant was found competent to stand trial based on two mental health experts. (See **Appendix G**, page 2, of the April 5, 2002 Transcript of Competency Hearing). Therefore, there was no question concerning his competency to make a plea or to proceed to trial. During the April 8, 2002 Plea Hearing, [t]he State clearly offered a seven-year prison term if he accepted the plea offer and the Defendant stated that he did not want to enter a plea to something he maintained that he did not do. (See **Appendix**

> **H**, Pages 4-5 of the Plea Hearing Transcript).
> The Court agrees that the Trial Judge took
> extra time to explain to the Defendant that he
> faced the possibility of mandatory life in
> prison versus a seven-year sentence if he
> accepted the plea offer. (See **Appendix H**,
> Plea Transcripts, Pages 8-11)[.] The Trial
> Judge asked the Defendant if he had any
> questions or if there was anything about the
> plea offer that he did not understand and the
> Defendant indicated that he did not need any
> more time or information about the plea offer
> that he wanted to go to trial because he
> maintained his innocence. (See **Appendix H**,
> Plea Transcripts[,] Pages 14-15).

Ex. 23 at 83. The state appellate court affirmed this decision.
Ex. 31.

Upon a thorough review of the record and the applicable law,
it is clear that the state courts' adjudications of this claim of
ineffective assistance of counsel were not contrary to clearly
established federal law, did not involve an unreasonable
application of clearly established federal law, and were not based
on an unreasonable determination of the facts in light of the
evidence presented in the state court proceedings. Accordingly,
Petitioner is not entitled to relief on the basis of ground seven
of the Petition. <u>See</u> Response at 31-32.

In the alternative, this claim has no merit. The record shows
that on Friday, April 5, 2002, there were ongoing plea discussions.
Defense counsel, Mr. Sikes, advised the trial court that his client
understood that, in the event of a conviction, the court would be
"obligated to sentence him to life imprisonment without the

possibility of parol[e]." Ex. 20, Exhibit F at 38.[6] Plaintiff expressed his concern that he did not know exactly how much time was being offered. _Id_. Defense counsel concurred with this statement. _Id_. The state responded that it was definitely going to score penetration points, and the preliminary scoresheet calculation showed a guideline sentence of around seven or eight years. _Id_. at 39.

Mr. Sikes asked Petitioner if it would make a difference if the state was more precise in its terms of the plea offer. _Id_. at 40. Petitioner responded in the negative twice. _Id_. at 40-41. Finally, Petitioner said he would wait until Monday. _Id_. at 41. The court asked the state if the victim was comfortable with the recommendation. _Id_. The state responded: "I spoke with the victim's Grandfather and he was comfortable with the recommendation of around 7 -- 7 years is what I told to him. He said he was comfortable with that." _Id_. at 42.

Based on the above, Petitioner knew, prior to the April 8, 2002, Monday morning discussion, if he proceeded to trial and was convicted, he was facing life imprisonment without the possibility of parole. He also knew that the state was going to score penetration, and that the victim's Grandfather was comfortable with a recommendation of around seven years in prison. Thereafter, on Monday, April 8, 2002, it was no surprise when the state

---

[6] The transcript of this proceeding has been submitted by Petitioner as App. B.

recommended a sentence of seven years. Ex. 23, Appendix H at 187.
Indeed, the state was willing to offer to let Petitioner plead to
a lesser permissive charge of lewd or lascivious conduct, a second
degree felony punishable by a statutory maximum of fifteen years.
Id. at 186. The court was willing to let it be a contingent plea
(if the court did not agree with a seven-year term, the court would
allow Petitioner to withdraw his plea), which counsel informed the
court the nature of which was explained to Petitioner. Id. at 187.
It was again confirmed that the victim was comfortable with a
seven-year term. Id. at 187-88.

Defense counsel informed the court that he and Petitioner had
talked about the case, they had discussed the consequences if
Petitioner went to trial and lost, and he confirmed that they had
discussed the plea offer. Id. at 188. Petitioner said he could
not accept the plea offer because he did not do it. Id. at 188-89.
The court warned Petitioner that he was facing a life sentence.
Id. at 189. The court reminded Petitioner that his counsel was
recommending that Petitioner take the plea offer after evaluating
the quality of the state's case. Id.

The court carefully explained the possible outcomes and the
risk Plaintiff was taking if he elected to go to trial. Id. at
189-92. The court inquired as to the reason for Petitioner's
reluctance to accept the plea offer. Id. at 192. Petitioner
reiterated that he did not do it, and to take the plea offer would
be accepting a lie. Id. Mr. Sikes informed the court that he had

explained to Petitioner that it could be a plea of best interest or
no contest, without an admission that Petitioner did anything
wrong. Id. at 193. Petitioner confirmed that he could not accept
the plea offer and he understood the consequences of his decision.
Id. The court asked if there was any other information that he
might need to make a decision. Id. at 196. Petitioner responded
in the negative. Id. The court again asked if Petitioner
appreciated the consequences of his decision, and Petitioner said
he did and he wanted to go to trial. Id. at 197.

Based on the above record, it is quite apparent that
Petitioner, by Friday, April 5, 2002, knew that he was facing life
without the possibility of parole if he went to trial. He also
knew that, with regard to a possible plea offer, the victim's
Grandfather was comfortable with a sentence of around seven years
in prison.

On Monday, April 8, 2002, defense counsel confirmed that he
had discussed the plea offer with Petitioner and explained how a
plea of best interest could be made without requiring Petitioner to
admit that he did anything wrong. Petitioner was insistent that he
was not going to accept a plea offer because he said he did not
commit the offense and it would be a lie to plead to the offense.
The trial court spent a considerable amount of time trying to
determine why Petitioner was so reluctant to take such a favorable
plea offer, which under these circumstances, should be a very

attractive offer to such a young man,[7] but Petitioner was insistent that he did not commit the offense and he wanted to go to trial.

Petitioner has not met either the performance or prejudice prongs under Strickland. He is not entitled to relief on this claim of ineffective assistance of trial counsel.

## H. Ground Eight

In his eighth ground, Petitioner claims a denial of due process of law due to the prosecutor's failure to list Richard Myer as a possible witness in the discovery response. This claim was raised in the Rule 3.850 motion as ground five. Ex. 20 at 36-43. The trial court rejected this claim, Ex. 23, and the appellate court affirmed on appeal. Ex. 31.

The trial court, in denying this claim, stated:

> On Ground Five, the Defendant asserts that the State violated his procedural and constitutional rights by failing to comply with the Defendant's demand for discovery and favorable evidence and by failing to comply with Court Orders.
>
> First, the Defendant appears to assert that the State could have deposed and provided the name of State witness Rick Meyer prior to trial and that he was prejudiced because the defense could not form an adequate trial strategy to deal with what the Defendant refers to as favorable testimony and that he (the Defendant) would have taken the stand and testified as to why he left abruptly December of 2000.

---

[7] The trial court explained: "When you look at seven years compared to life, you are talking about really hope and no hope." Ex. 23, Appendix H at 189.

However, the Court agrees with the State that because the Defendant and the jury heard Meyer['] s testimony before the Defendant was called upon to testify on his o[w]n behalf at trial, the defense and the Defendant had an opportunity to change his trial strategy regarding whether he should testify at trial and the Defendant apparently now wishes in hind sight that he had testified. The State points to <u>Jones v. State</u>, 845 So.2d 55, 72 (Fla. 2003, rehearing denied, quoting <u>Occhicone v. State</u>, 768 So.2d 1037, 1042 (Fla. 2000) in noting that a Brady claim cannot stand if a Defendant knew of the evidence allegedly withheld or had possession of it, simply because the evidence cannot then be found to be withheld from the Defendant.

Ex. 23 at 84.

In addition, Petitioner also claims the state should have disclosed a police report and a DCF report. In denying this claim, the trial court held:

The Defendant's next sub claim is that the State withheld and failed to disclose, a Putnam County Sheriff's Office report concerning a prior incident in which the victim's Grandfather, Mr. Richmond, allegedly pointed a gun at a third party in a drunken dispute. Here a review of the transcript does show that Trial Counsel did question Richmond about the incident at trial and Richmond denied it. (See **Appendix I**, Trial Transcript, 75-76). The Defendant does not allege in his Motion just how the State withheld or concealed the police report or how it was exculpatory with in [sic] the meaning of <u>Brady v. Maryland</u>, 373 U.S. 83, 87, 83 [sic] (1963). The police report would not impeach the victim (KD's) testimony of what the Defendant did to her.

The third piece of evidence that the Defendant alleges that the State either knowingly or unknowingly withheld was an anonymous DCF hotline report concerning

- 26 -

allegations of sexual abuse against the victim KD by both the Defendant and her Grandfather, Mr. Richmond.

The Court agrees with the State that the report is inadmissible hearsay and that the allegations against Richmond were unfounded where as the allegations against the Defendant were deemed to be confirmed. The DCF report does not appear to be exculpatory or impeaching as to the Defendant per <u>Brady</u> as the notation in the report referring to no penetration does not specify whether it is [in] reference to Richmond or the Defendant. (See Defendant's Exhibit S, REPORT)[.]

<u>Id</u>. at 84-85. This decision was affirmed by the Fifth District Court of Appeal. Ex. 31.

Deference is due under AEDPA. The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground eight because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. <u>See</u> Response at 32-33.

## I. Ground Nine

In the ninth ground of the Petition, Petitioner contends there was prosecutorial misconduct during *voir dire*. As noted by Respondents, this is the same issue that was previously raised in grounds one, two and three of the Petition. Response at 33.

- 27 -

The decisions of the state trial and appellate courts are entitled to deference under AEDPA. The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground nine of the Petition because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 33.

## J. Ground Ten

In ground ten, Petitioner claims there was prosecutorial misconduct during *voir dire* and trial. This issue was raised in ground eight of the Rule 3.850 motion. Ex. 20 at 56-69. The decision was affirmed on appeal of the denial of the Rule 3.850 motion. Ex. 31.

Respondents contend that Petitioner's claim, as presented in the federal Petition, is facially insufficient. Response at 15. Since the claim was properly raised and exhausted in the state court system, and is the same claim presented herein, the Court does not find the claim to be facially insufficient and will proceed to address Petitioner's claim raised in ground ten.

The trial court, in rejecting the claim, held:

On Ground Eight, the Defendant appears to assert that the Prosecutor's alleged misconduct and inappropriate comment in voir dire and trial caused fundamental error and rendered trial results unreliable.

Specifically, the Defendant asserts that the State's [sic] presented hypothetical questions first, about whether a witness that is believed individually, would be enough for a conviction, and second, if the law says that if the testimony of a witness is believed is enough, could you follow that law was improper and led to a commitment of the jury to convict. However, the Defendant's Trial Counsel objected to the first question and the Court sustained that objection. (See **Appendix A**, Jury Selection, Pages 39-42). The Defendant was not clearly prejudiced to the extent that the outcome of the proceedings would have been different. The State had a right to ask these questions during voir dire. The Defendant's claim that the jury was biased by the remarks was nothing more than speculation.

The Court agrees with the State that the record refutes the Defendant's claim that the Prosecutor misstated legal concepts of reasonable doubt. (See **Appendix N,** Trial Transcript Pages 51-53).

The State's questions on whether the Defendant can be convicted with no physical evidence and when the Defendant was looked at on [sic] should think of a presumption of evidence were proper questions. The Defendant asserts that the State implied false testimony causing fundamental error by asking the victim if she was 11-years old at the time of the incident. However, the victim answered no during testimony and thus the Court does not find that the Defendant was prejudiced here.

The Defendant claims that the State belittled his Counsel, that the State implied that he (the Defendant) was a criminal, that the State implied that he was guilty, and that the allegation or the nature of the charge

should be considered. However, the Court agrees with the State that the Prosecutor did not belittle the Defendant, but just referred to the information. (See **Appendix C,** Trial Transcript, Pages 163-164). The Court agrees with the State that the Prosecutor's comment about sending the victim to have someone (medical personnel) look at her private parts was not appealing to the jury's sympathy but rather a response to defense argument. Additionally, the State's comment about the victim's changing testimony about whether it hurt and one time it didn't was a response to a defense argument as well.

Although, the Defendant claims that the State failed to allow the jury to decide the elements of the offense, the jury as the fact finder was allowed to find what they wanted.

The Defendant's assertions about the State's comments on wrestling and that the [sic] Mr. Meyer testimony were addressed in previous grounds.

Ex. 23 at 87-88. The Fifth District Court of Appeal affirmed this decision. Ex. 31.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground ten of the Petition because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

## K. Ground Eleven

In ground eleven, Petitioner asserts he received the ineffective assistance of trial counsel because defense counsel presented a motion for new trial on the weight of the evidence instead of a motion for judgment of acquittal. This issue was raised in ground seven of the Rule 3.850 motion. Ex. 20 at 47-55.

In denying this ground, the trial court explained:

> On Ground Seven, the Defendant claims his Trial counsel was ineffective for presenting the wrong Motion to challenge the sufficiency of evidence. Specifically, Trial counsel was ineffective for failing to argue the weight and sufficiency of the evidence in a Motion for Judgment of Acquittal rather than a Motion for Arrest of Judgment After the Verdict. Additionally, the Defendant claims Trial counsel was ineffective for failing to argue the Motion for new trial and for failing to preserve these issues and an additional issue that the Court committed error in denying the Motion for new trial.
>
> First, the Court agrees with the State that no corroborative evidence is required in a sexual battery case when the victim can testify directly to the crime and can identify the assailant, the victim K.D.'s testimony was sufficient to establish a prima facie case and allow the matter to be submitted to a jury for deliberation. Thus, a Motion for new trial post-verdict was in fact the proper vehicle for the Defendant to seek a re-weighing of the evidence by the Trial Court. The Court cites Robinson v. State, 462 So.2d 471, 475 (Fla. 1st DCA 1984), rehearing and rehearing in banc denied (1985).
>
> A review of the record shows that Trial Counsel did move for judgment of acquittal based on arguments of the State's alleged failure to prove venue and also the alleged failure to prove that the crime occurred

within the time frame alleged in the information.  (See **Appendix J**, Trial Transcript 141-142).  However, the record reflects that there was sufficient evidence of venue, date, and victim's age presented at trial to permit the case to go to the jury.  (See **Appendix K**, Trial Transcript pages 19, 61-63, 65, 80, 88, 96, 122-130-131, 138, and 144)[.] The State asserts that it is beyond dispute that the victim's date of birth was January 30, 1989 and she testified consistent with that fact [sic] she was 13 years old at the time of the trial in 2002.  The Detective that initially interviewed the victim about the crime, testified at trial that the victim was 11 years old when he interviewed her shortly after the crime was alleged to have occurred in December of 2000.  (See **Appendix L**, Trial Transcript pages 80, 88, and 107)[.] Further, the Trial Court found that there was sufficient evidence presented, if the jury found it credible to sustain a verdict in this case[.]  (See **Appendix M**, Sentencing Transcript, pages 4-5).

The Defendant's claim that his appellate rights were prejudiced, lack merit (see Robinson) and is not cognizable in a Rule 3.850 Motion anyway.  See <u>State v. Young</u>, 932 So.2d 1282; citing <u>State v. Bouchard</u>, supra.

Ex. 23 at 85-87.  The state appellate court affirmed per curiam.

Ex. 31.

Upon consideration, there was no unreasonable application of clearly established law in the state court's decision to reject the <u>Strickland</u> ineffectiveness claim.  The decisions of the state trial and appellate courts are entitled to AEDPA deference.  The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore,

Petitioner is not entitled to relief on ground eleven, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See Response at 33-35.

This Court finds that "[u]nder the doubly deferential judicial review that applies to a Strickland claim evaluated under the § 2254(d)(1) standard, see Yarborough v. Gentry, 540 U.S. 1, 5-6, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003) (per curiam), [Petitioner's] ineffective-assistance claim fails." Knowles v. Mirzayance, 556 U.S. 111, 123 (2009).  Therefore, Petitioner is not entitled to habeas relief on ground eleven of the Petition.

### L.  Ground Twelve

Petitioner claims, in ground twelve, that the cumulative error of trial counsel and the prosecutor resulted in an unreliable verdict.  This issue was raised in ground nine of the Rule 3.850 motion.  Ex. 20 at 70-76.  The trial court denied the claim, Ex. 23 at 88, 90, and the Fifth District Court of Appeal affirmed.  Ex. 31.

Respondents, in their Response at 15, contend this issue, as presented in the federal Petition, is facially insufficient.  Upon review, since the claim was presented in the Rule 3.850 motion and denied by the trial court, this Court will deem the claim facially

sufficient and ripe for review.  However, AEDPA deference is due to the trial court's decision to deny the Rule 3.850 motion.

The decisions of the state courts are entitled to deference under AEDPA.  The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court.  Therefore, Petitioner is not entitled to relief on ground twelve, the claim of cumulative errors of trial counsel and the cumulative errors of the prosecutor, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Alternatively, this claim is due to be denied.  The cumulative deficiencies of counsel claim is without merit.

> As set forth above, [Petitioner] has not demonstrated error by trial counsel; thus, by definition, [Petitioner] has not demonstrated that cumulative error of counsel deprived him of a fair trial.  See Yohey v. Collins, 985 F.2d 222, 229 (5th Cir. 1993) (explaining that because certain errors were not of constitutional dimension and others were meritless, petitioner "has presented nothing to cumulate").

Miller v. Johnson, 200 F.3d 274, 286 n.6 (5th Cir.), cert. denied, 531 U.S. 849 (2000).  Petitioner is not entitled to relief on the basis of this claim of ineffective assistance of counsel alleging

the cumulative errors of counsel. Additionally, he is not entitled to relief based on a claim of cumulative prosecutorial errors. Furthermore, since there were no errors of constitutional dimension, the cumulative effect of any errors would not subject Petitioner to a constitutional violation. See id.

## M.  Ground Thirteen

In his thirteenth ground, Petitioner claims newly discovered evidence (witness Rick Myer; a police report concerning Harold Richmond, the victim's grandfather; and a DCF report). Broadly construing this issue, this claim was raised in the Rule 3.850 motion as ground five. Ex. 20 at 36-43. The trial court rejected this claim, Ex. 23 at 84-85, and the appellate court affirmed on appeal. Ex. 31. To the extent the claim was presented in the Rule 3.850 motion, it is exhausted; however, AEDPA deference is warranted to the state court rulings.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground thirteen of the Petition because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 35-36. See discussion under Ground Eight.

In the alternative, to the extent Petitioner is attempting to raise a claim of actual innocence based on newly discovered evidence, such a claim "is not itself a freestanding claim[.]" Rozzelle v. Sec'y, Fla. Dep't of Corr., No. 10-13595, 2012 WL 630204, at *9 (11th Cir. Feb. 29, 2012) (per curiam). See Herrera v. Collins, 506 U.S. 390, 400 (1993) (finding no federal habeas relief for freestanding, non-capital claims of actual innocence); Jordan v. Sec'y, Dep't of Corr., 485 F.3d 1351, 1356 (11th Cir.) (same holding), cert. denied, 552 U.S. 979 (2007).

## N. Ground Fourteen

Petitioner asserts a claim of ineffective assistance of trial counsel for failure to file a bill of particulars to narrow the time frame of the offense in his fourteenth ground. This claim was presented to the state trial court in ground eleven of the Rule 3.580 motion. Ex. 20 at 84-87. The trial court, in denying this ground, said:

> On Ground Eleven, the Defendant claims that that [sic] his Trial Counsel performed ineffectively by failing to file a motion on the particulars and for filing [sic] for an evidentiary hearing.
>
> The Court here agrees with the State that the Child witness in this case was clearly not able to be any more precise than she was concerning the specific dates of the offense. The Defense relied heavily upon the victim's inability to testify regarding specific dates to argue in support for a Motion for a Judgment of Acquittal and also to argue to the jury that she was not a credible witness and was simply unworthy of belief. The Court agrees with the State that under the

> circumstances a Motion for a Bill of
> Particulars would have [been] an exercise in
> futility.

Ex. 23 at 89.  This decision was affirmed.  Ex. 31.

This claim will be addressed applying the deferential standard for federal court review of state court adjudications required by AEDPA.  Upon review, there was no unreasonable application of clearly established law in the state courts' decision to reject the Strickland ineffectiveness claim.  Indeed, the decisions rejecting the claim of ineffective assistance of trial counsel are entitled to deference under AEDPA.

The adjudications of the state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground fourteen of the Petition, the claim of ineffective assistance of trial counsel, because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.  See Response at 37.

In the alternative, with regard to the performance prong under Strickland, it appears that counsel used effective cross examination to challenge the victim's testimony concerning the incident, and counsel relied on the victim's weak memory to support

his argument to the jury that she was not a credible or reliable witness. It was a tactical decision to challenge the victim's vague recollection of the incidents, including her uncertainty as to time and dates. This was a particular weakness in the state's case, and the defense effectively attacked this weakness, although the jury ultimately found Petitioner guilty of the offense. This, however, does not mean counsel's performance was deficient under these circumstances.

Although filing a motion for a bill of particulars might have been an effective tool to narrow the period at issue in the information, and even assuming it amounted to deficient performance for counsel to fail to file such a motion, Petitioner has not shown prejudice as required under Strickland. Indeed, Petitioner has failed to show there is a reasonable probability that, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different.

Petitioner has failed to show that he received the ineffective assistance of counsel under Strickland. Under these circumstances, counsel's performance was not deficient, and Petitioner has failed to meet the second prong of Strickland, the prejudice prong. Ground fourteen of the Petition is due to be denied.

### O. Ground Fifteen

In ground fifteen, Petitioner claims actual innocence, asserting that the state never proved the penetration of the victim's sexual organs. Petitioner raised this issue in ground

twelve of the Rule 3.850 motion.  Ex. 20 at 88-91.  This claim was rejected by the trial court.  Ex. 23 at 89-90, 85-87.  The Fifth District Court of Appeal affirmed per curiam.  Ex. 31.

Upon a thorough review of the record and the applicable law, it is clear that the state courts' adjudications of this claim were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of ground fifteen of the Petition.

Alternatively, Petitioner is not entitled to relief on this claim because there is no federal habeas relief for freestanding, non-capital claims of actual innocence.  <u>Herrera</u>, 506 U.S. at 400; <u>Jordan</u>, 485 F.3d at 1356.

### P.  Ground Sixteen

In his sixteenth ground, Petitioner alleges a denial of due process due to the trial court's failure to provide him with sufficient time to consider the state's plea offer.  This claim was exhausted by Petitioner when he raised the matter in ground fourteen of the Rule 3.850 motion.  Ex. 20 at 94-97.  The trial court denied this ground, Ex. 23 at 90, and the appellate court affirmed.  Ex. 31.  The decision is entitled to AEDPA deference.

The decisions of the state trial and appellate courts are entitled to deference under AEDPA because the adjudications of the

state courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground sixteen because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. See Response at 38.

## Q. Grounds Seventeen and Eighteen

In ground seventeen of the Petition, Petitioner asserts he was denied a fair trial, and in ground eighteen of the Petition, he claims he was unlawfully extradited, constituting fundamental error. These issues were raised in ground thirteen of the Rule 3.850 motion, Ex. 20 at 92-93, and in ground fifteen, contained within the Motion to Supplement 3.850 Motion, Ex. 25, respectively. The trial court found these issues could and should have been raised on direct appeal. Ex. 23 at 90; Ex. 26 at 586.

Upon review, Petitioner did not present these claims in a procedurally correct manner. Thus, they are procedurally defaulted. Petitioner has not shown cause and prejudice or a fundamental miscarriage of justice will result if the claims are not addressed on the merits. As a result, the Court will apply the state procedural bar to grounds seventeen and eighteen and not

address these claims on the merits.  Thus, grounds seventeen and eighteen of the Petition are due to be denied.

### R.  Ground Nineteen

In this ground, Petitioner raises a claim of ineffective assistance of appellate counsel for failure to raise the issue that the trial court erred in denying his motion for new trial. Petitioner raised this claim in a state Petition for Writ of Habeas Corpus.  Ex. 49; Ex. 50.  The Fifth District Court of Appeal denied the Petition and Amendment.  Ex. 52.  Thus, there is a qualifying state court decision and AEDPA deference is warranted.

Upon review, a Motion for New Trial was filed claiming: (1) the verdict was contrary to the law; (2) the verdict was contrary to the weight of the evidence; (3) the evidence was insufficient as a matter of law to support the verdict; and (4) the trial court erred in denying the motion for judgment of acquittal.  Ex. 4.  Mr. Sikes argued that the trial court should re-weigh the evidence and find, as a seventh juror, there is reasonable doubt, and order a new trial.  Ex. 9 at 176-77.  The trial court agreed that there are cases in which that ruling might be appropriate, but found this case was not one of them, and denied the motion.  <u>Id</u>. at 177; <u>see</u> Ex. 5.

Upon a thorough review of the record and the applicable law, the state court's adjudication of this claim of ineffective assistance of appellate counsel was not contrary to clearly established federal law, did not involve an unreasonable

application of clearly established federal law, and was not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings. Accordingly, Petitioner is not entitled to relief on the basis of ground nineteen. See Response at 38-39.

### S. Grounds Twenty and Twenty-One

In his twentieth ground, Petitioner claims the ineffective assistance of trial counsel for failure to object to the testimony of Richard Myer in view of the state's discovery violation. In his twenty-first ground, Petitioner contends he received the ineffective assistance of trial counsel during sentencing, asserting counsel should have presented a mitigating psychiatric evaluation showing some degree of mental retardation in order to obtain a sentence less than life.

These issues were raised in a second Rule 3.850 motion, Ex. 37, and rejected by the trial court as successive. Ex. 38. The Fifth District Court of Appeal affirmed per curiam. Ex. 43. Therefore, these claims are procedurally barred. Petitioner has not shown cause and prejudice or that a fundamental miscarriage of justice will result if these claims are not addressed on the merits.

In the alternative, Petitioner is not entitled to habeas relief on grounds twenty and twenty-one. With regard to ground twenty, the trial court ruled that Richard Myer's testimony should be proffered outside the presence of the jury. That was done. Ex.

2 at 121-26.  Petitioner's counsel, Mr. Sikes, argued against having the testimony presented to the jury.  <u>Id</u>. at 126-29.  The trial court found the evidence relevant and deemed it admissible, with one minor exception.  <u>Id</u>. at 128-29. Petitioner's counsel's performance was not deficient under <u>Strickland</u>.  Furthermore, Petitioner has not satisfied the prejudice prong of <u>Strickland.</u>

With respect to ground twenty-one, based on the record, there was no other possible sentence, other than life without the possibility of parole, once Petitioner was found guilty of sexual battery on a person less than twelve years of age.  Petitioner was certainly advised that he was facing such a term of imprisonment when he elected to go to trial.  Indeed, he was fully advised that he was facing a mandatory life sentence.  Although Petitioner may regret his decision to go to trial, at the time of trial, he was adamant that he could not accept the state's plea offer because he was insistent that he did not commit the crime and he wanted to proceed to a jury trial.

Counsel's performance was not deficient at sentencing.  Ex. 9.  Indeed, Petitioner was not prejudiced by counsel's performance at sentencing.  <u>Id</u>.  There was only one sentence the trial court could give under the circumstances of Petitioner's conviction for sexual battery on a person less than twelve years of age:  life without the possibility of parole.  <u>Id</u>. at 178-79.

# VIII. Certificate of Appealability

If Petitioner appeals, the undersigned opines that a certificate of appealability is not warranted. <u>See</u> Rule 11, Rules Governing Section 2254 Cases in the United States District Courts. This Court should issue a certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. <u>See</u> <u>Slack</u>, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." <u>Id</u>.

Upon consideration of the record as a whole, this Court will deny a certificate of appealability.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Petition for Writ of Habeas Corpus (Doc. #1) is **DENIED**, and this action is **DISMISSED WITH PREJUDICE**.

2. The **Clerk of the Court** shall enter judgment accordingly and close this case.

3. If Petitioner appeals the denial of his Petition, **the Court denies a certificate of appealability**. Because this Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** at Jacksonville, Florida, this 5th day of April, 2012.

ROY B. DALTON JR.
United States District Judge

sa 4/12
c:
Michael Howard Miller
Ass't A.G. (Phillips)